Joseph F. Hawkins, J.
The motion is by the defendant, Florian Yandel, Jr., doing business as Ramapo General Hospital (Hospital), to dismiss for failure to state a cause of action. The complaint alleges that the plaintiff was injured in an accident which occurred when the vehicle she was operating — owned by the plaintiff James Poli — collided with two other vehicles being operated by the defendant Theresa Gerlach and a police emergency vehicle owned by the Town of Clarkstown, and being driven by a police officer, the defendant Paul D’Allessandro.
The latter vehicle, an emergency police vehicle, was being employed to deliver an emergency supply of blood to the Hospital under ££ a pre-arranged delivery agreement between said hospital and the police departments of the County of Rock-land ’ ’. There are no allegations respecting said agreement which ‘ ‘ plaintiffs beg leave to refer to * # # at the time of trial.”
The plaintiffs’ essential and pertinent allegations referable to the motion at bar are: the Hospital is a £ ‘ proprietary hos *781 pital ’ ’; defendant police officer was transporting the medical supplies at the request of the Hospital and under a prior working arrangement between the Police Departments of Clarkstown and Orangetown; the Hospital’s charges would have reflected both the cost of the blood and the transfusion procedure; and that an agency relationship between these two defendants resulted irrespective of the absence of any mutual pecuniary arrangements.
The quintessence of plaintiffs’ argument is that since the defendant police officer was acting “ at the express instance ” of the Hospital and in conjunction with the defendant towns, the Hospital is liable either as principal or employer. . If on the latter premise, ultimate facts must be pleaded evincing a master-servant relationship with such attributes, inter alia, as control, supervision, the right to hire and fire, and the power to command (36 N. Y. Jur., Master and Servant, p. 408); and if it be that of agency, the requisite “ discretion ” and authority to obligate the principal to third parties (Black’s Law Dictionary [4th ed.], p. 85) are similarly lacking.
In short, an employer-employee or principal-agent relationship must be sufficiently alleged. At bar, the complaint fails to do so.
Respecting the plaintiffs’ stressing that the defendant Hospital’s charges would have reflected both cost and profit and that it is a “proprietary” rather than a voluntary hospital, the Court of Appeals, albeit by a closely-divided court, in Perlmutter v. Beth David Hosp. (308 N. Y. 100) held that a hospital which transfuses blood in the course of treating a patient has not engaged in the sale of a product. Whether voluntary or proprietary, the Hospital, vis-a-vis the defendant police officer, was neither a principal nor employer on the basis of the complaint’s allegations. Absent such relationship, the former is under no legal obligation to respond in damages for the latter’s negligence.
It does not suffice for plaintiffs to urge that although it may well be that ‘ ‘ this particular defendant would not be held guilty [sic] upon a trial of the action or even at the completion of the examination before trial, but the motion at this juncture in the action is totally premature.” Whether the alleged special relationship or agreement between the Hospital and the several police departments might give sustenance to plaintiffs’ allegation of legal responsibility, whether or not there are facts available which would support a complaint alleging responsibility by the Hospital, could have been tested by way of an examination before trial for purposes of framing the complaint. The *782 plaintiffs’ plea of prematurity, under the circumstances, is not well taken.
The complaint fails to state a cause of action against the movant. Accordingly, the motion is granted. No costs.